**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| CENTER FOR SPECIAL PROCEDURES, | : | CIVIL ACTION NO. 09-6566 (MLC) |
| individually and as assignee of | : | |
| PATIENTS 1 – 50, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT GENERAL LIFE | : | |
| INSURANCE COMPANY, d/b/a | : | |
| CIGNA, et al., | : | |
| | : | |
| Defendants. | : | |
| ——————————————— | : | |

**COOPER, District Judge**

Plaintiff, Center for Special Procedures ("Plaintiff"),

commenced this action against Connecticut General Life Insurance

Company, d/b/a Cigna, Cigna Healthcare of Southern New Jersey,

and Cigna Healthplan of New Jersey, Inc. (collectively,

"Defendants"), both on its own behalf and, alternatively, as

assignee of patients ("Patients 1-50") insured by Defendants to

whom Plaintiff rendered surgical services.  (Dkt. entry no. 20,

2d Am. Compl.)  Defendants removed the action pursuant to 28

U.S.C. § 1441, on the basis that the Court has original subject

matter jurisdiction pursuant to 28 U.S.C. § 1331 because

Plaintiff's claims challenge the denial of benefits under health

benefits plans governed by the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.  (Dkt. entry
no. 1, Rmv. Not. at 2.)[1]

    Defendants now move to dismiss Count 1 through Count 9 and
Count 11 of the Second Amended Complaint for failure to state a
claim upon which relief can be granted, pursuant to Federal Rule
of Civil Procedure ("Rule") 12(b)(6).  (Dkt. entry no. 22, Mot.
to Dismiss.)  Defendants contend, inter alia, that the state law
claims are preempted by ERISA.  (Dkt. entry no. 22, Defs. Br. at
5-14.)  The Court decides the motion on the papers, pursuant to
Rule 78(b).  For the reasons set forth below, the Court will
grant Defendants' motion to dismiss Count 1 through Count 9 and
11.

**BACKGROUND**

    Plaintiff is an ambulatory surgery center that provided
surgical services to Patients 1–50 on an "out-of-network" basis
as a "non-participating provider."  (2d Am. Compl. at ¶¶ 9, 14.)
Plaintiff has identified 38 insurance plans as governing the
services rendered to Patients 1-50.  (Id. at ¶ 11.)  Of these 38
plans, it appears that three are exempt from the provisions of
ERISA ("non-ERISA plans"), and 35 are ERISA plans.  (Id. at ¶¶
12-13.)

---

[1] Defendants also alleged the existence of jurisdiction pursuant
to 28 U.S.C. § 1332 because the parties are citizens of different
states and the amount in controversy exceeds $75,000.  (Rmv. Not.
at 2.)

Plaintiff alleges that it called Defendants to confirm that Patients 1-50 each had out-of-network benefits that would cover services rendered by Plaintiff, and Defendants confirmed that such coverage existed.  (Id. at ¶ 15.)  Plaintiff received an assignment of benefits from Patients 1-50 assigning "all medical and/or surgical benefits" to Plaintiff.  (Id. at ¶¶ 19-20.)  Although Defendants had allegedly made payments for services prior to February 16, 2009, after that date, when Plaintiff submitted claims for payment to Defendants, "individually as a service provider and alternatively as assignee of the patients," Defendants denied the claims and refused to pay.  (Id. at ¶¶ 22-28.)  The apparent basis for this refusal is that Plaintiff "is not licensed [with the New Jersey Department of Health] as an ambulatory care facility."  (Id. at ¶ 29.)

Plaintiff contends that Defendants' refusal to pay is in violation of state and federal law.  The Second Amended Complaint contains eleven counts, listed here as they appear in the pleading:

    Count 1:  Breach of Contract
    Count 2:  Unjust Enrichment & Quantum Meruit
    Count 3:  Third Party Beneficiary
    Count 4:  Implied Contract, Contract by Custom or
              Dealing, Implied Covenant of Good Faith and
              Fair Dealing
    Count 5:  Reasonable Reliance, Arbitrary and Disparate
              Treatment
    Count 6:  Tortious Interference
    Count 7:  Negligent Misrepresentation
    Count 8:  Arbitrary and Capricious

```
          Count 9:  Promissory Estoppel
          Count 10: ERISA – Payment of Benefits Due – Violation
                    of ERISA [§] 502(a)(1)
          Count 11: ERISA - Violation of Fiduciary Duty and $110
                    Per Day Penalty
```

(2d Am. Compl. at 11-37.)  With the exception of Count 10, each count is asserted as to both the ERISA plans and the non-ERISA plans at issue, "to the extent allowable at law."  Plaintiff asserts Count 10 as to the ERISA plans only, and solely in the capacity of the assignee of Patients 1-50.  (2d Am. Compl. at ¶¶ 172-173, 179-180.)  The remaining claims are asserted alternatively in Plaintiff's own right and as assignee of Patients 1-50, designated by Plaintiff as "non-derivative claims" and "derivative claims," respectively.  (Pl. Br. at 2.)[2]

Defendants contend that Count 1 through Count 9, as state law claims, are preempted by ERISA as to the ERISA plans, and further contends that Count 1 through Count 9  and Count 11 should be dismissed as to all plans for failure to conform to the pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  (Defs. Br. at 2-3.)  Plaintiff opposes the motion.  (Dkt. entry no. 23, Pl. Br.)

---

[2] Only Count 1, Count 2, and Count 5 expressly state that the cause of action is based on, alternatively, Plaintiff's assignee status and on its own behalf as a provider of services.  (2d Am. Compl. at ¶¶ 62-63, 80-81, 112-113.)

4

The Court determines the motion on the papers, pursuant to Rule 78(b).  For the foregoing reasons, the Court will grant the motion.

## DISCUSSION

### I.   12(b)(6) Motion to Dismiss Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court may consider the complaint, exhibits

attached thereto, matters of public record, and undisputedly
authentic documents if the claimant's claims are based upon those
documents.  See Pension Benefit Guar. Corp. v. White Consol.
Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**II.  ERISA Preemption**

    **A.  Express Preemption**

ERISA contains a broad preemption clause providing that
ERISA shall "supersede any and all State laws insofar as they may
now or hereafter relate to any employee benefit plan."  29 U.S.C.
§ 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44-45
(1987).  With this provision, Congress intended:

> to ensure that plans and plan sponsors would be subject
> to a uniform body of benefits law; the goal was to
> minimize the administrative and financial burden of
> complying with conflicting directives among States or
> between States and the Federal Government . . . , and
> to prevent the potential for conflict in substantive
> law . . . requiring the tailoring of plans and employer
> conduct to the peculiarities of the law of each
> jurisdiction.

N.Y. Conference of Blue Cross & Blue Shield Plans v. Travelers
Ins. Co., 514 U.S. 645, 656-57 (internal citations and quotations
omitted); see Kollman v. Hewitt Assocs., LLC, 487 F.3d 139, 148
(3d Cir. 2007).

The express preemption clause is not limited to "state laws
specifically designed to affect employee benefit plans."  Pilot
Life, 481 U.S. at 47-48 (quoting Shaw v. Delta Airlines, 463 U.S.
85, 98 (1983)).  The term "relate to" has been construed broadly

to preempt a broad range of state law claims.  See Ingersoll-Rand
Corp. v. McClendon, 498 U.S. 133 (1990) (state law tort and
breach of contract theories preempted by ERISA); Pilot Life, 481
U.S. at 43-44, 47 (breach of contract, breach of duty, and fraud
claims preempted by ERISA); Pryzbowski v. U.S. Healthcare, 245
F.3d 266, 278 (3d Cir. 2001) (negligence claim preempted by
ERISA); Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989) (breach of
contract and bad-faith insurance practices claims preempted by
ERISA); Schmelzle v. Unum Life Ins. Co. of Am., No. 08-0734, 2008
U.S. Dist. LEXIS 63627, at *8-9 (D.N.J. July 31, 2008) (breach of
contract, breach of fiduciary duty, fraud, and negligence claims
preempted by ERISA); Wayne Surgical Ctr., LLC v. Concentra
Preferred Sys., Inc., No. 06-928, 2007 WL 2416428, at *7 (D.N.J.
Aug. 20, 2007) (claims by out-of-network provider assignee for
unjust enrichment, tortious interference, and fraud expressly
preempted by ERISA); Majka v. Prudential Ins. Co. of Am., 171
F.Supp.2d 410, 413 (D.N.J. 2001) (breach of contract and breach
of the implied duty of good faith and fair dealing preempted by
ERISA); Alston v. Atl. Elec. Co., 962 F.Supp. 616, 624 (D.N.J.
1997) (breach of contract, negligent misrepresentation, and fraud
claims preempted by ERISA).

    To decide whether a plaintiff's state law claims are
expressly preempted, a court must first determine whether the
plan at issue is an ERISA benefit plan.  See Pane v. RCA Corp.,

667 F.Supp. 168, 170 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989).  A court must then analyze whether the state law claims "relate to" that plan.   Id.

The parties do not dispute that 35 of the 38 plans at issue here are ERISA plans.  See 29 U.S.C. § 1002(1) ("any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, . . . for the purpose of providing for its participants or their beneficiaries . . . medical, surgical, or hospital care of benefits. . . .").[3] Defendants do not argue that Count 1 through Count 9  are preempted by ERISA as to the three non-ERISA plans.  (Defs. Br. at 2.)

We find that Count 1 through Count 9 of the Second Amended Complaint, insofar as they are asserted as to the ERISA plans, are expressly preempted by ERISA because they "relate to" Defendants' administration of the ERISA plans.  Each of these state law causes of action clearly "relate to," in that they have a "connection with or reference to," the ERISA plans, because

---

[3] Plaintiff states that it "believes that there may be more than three (3) non-ERISA plans" and requests that any order of the Court dismissing Plaintiff's claims as preempted by ERISA "reflect that all plans ultimately determined to be non-ERISA plans are not preempted."  (Pl. Br. at 8.)  Given that Defendants provided the cover page for the summary plan descriptions for each of the 38 plans at issue to Plaintiff and included them as an exhibit to the motion to dismiss, we find no basis for Plaintiff's "belief" that some of the plans beyond the three specified non-ERISA plans are exempt from ERISA.  (Id.; Defs. Br., Ex. A; 2d Am. Compl. at ¶¶ 11-13.)  See 29 U.S.C. § 1003(b) (listing plans exempt from ERISA coverage).

they are all rooted in the premise that Defendants should have remitted payment to Plaintiff for services Plaintiff rendered to persons covered by the plans.  Pane, 667 F.Supp. at 171; see Pryzbowski, 245 F.3d at 278 (noting that "suits against . . . insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by" 29 U.S.C. § 1144(a)).  Reference to the plans is necessary because no contract existed as between Defendants and Plaintiff as a non-participating, out-of-network provider to govern the parties' obligations.  Accordingly, Count 1 through Count 9 will be dismissed as to the ERISA plans.

### B.  Complete Preemption

ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), has been found to evince Congressional intent to completely preempt state law remedies and make the ERISA civil enforcement remedy exclusive as to plans governed by ERISA.  See Pilot Life, 481 U.S. at 54-57.  The statute provides that a civil action to enforce ERISA may be brought by, inter alia, "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan,

or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[4]

Insofar as Plaintiff asserts that it pleads various state law claims in a "non-derivative" capacity, _i.e._, on its own behalf rather than as assignee of Patients 1-50, such claims are preempted by ERISA's exclusive civil enforcement remedy because they amount to claims for unpaid benefits, and Plaintiff in its "non-derivative" capacity is neither a plan participant nor a beneficiary. (See Pl. Br. at 1-2.) Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Thus, the claims insofar as they are asserted in Plaintiff's "non-derivative" capacity shall be dismissed.

## III. Rule 8(a)

Defendants contend that the Court should dismiss Count 1 through Count 9 and Count 11 because the Second Amended Complaint does not set forth sufficient facts showing that Plaintiff is entitled to relief. (Defs. Br. at 15 (citing Twombly); dkt. entry no. 26, Def. Reply Br. at 5.) The Court considers each Count in turn.

---

[4] The remaining provisions, 29 U.S.C. § 1132(a)(2)-(10), are not relevant here.

### A.   Count 1 - Breach of Contract

Count 1 of the Second Amended Complaint alleges that "Defendants are in breach of the applicable insurance agreements and plans with Plaintiff's Patients 1-50"; Plaintiff has demanded payment of the claims due and owing to it under the insurance agreements and plans individually as a services provider or, alternatively, as assignee of Patients 1-50; and Defendants have denied payment.  (2d Am. Compl. at ¶¶ 61-64.)  It further alleges that Defendants denied payment on the basis Plaintiff is not licensed as an ambulatory care facility, and that this denial is contrary to "summary plan descriptions" ("SPDs") and Defendants' past practices.  (Id. at ¶¶ 66-70.)

Defendants contend that Count 1 must be dismissed because Plaintiff failed to identify the contractual provisions at issue. The Court agrees.  Plaintiff's factual allegations regarding the provisions of the SPDs are vague and stated in the alternative: "The SPDs do not prohibit payment of Services at 'unlicensed' ambulatory care facilities. . . . Alternatively, the SPDs are ambiguous regarding licensure."  (2d Am. Compl. at ¶¶ 71-72.) The Second Amended Complaint does not state the actual terms or provisions Defendants have allegedly breached, but merely concludes that "Defendants' refusal to pay" is "contrary to the SPDs."  (2d Am. Compl. at ¶¶ 67-69; see also id. at ¶ 70 ("The SPDs do not prohibit payment to Plaintiff under the circumstances

11

herein and to the contrary, the SPD summaries <u>and/or</u> schedules of benefits indicate coverage exists.") (emphasis added).)

"It is axiomatic that contract-based claims that do not adequately identify the contract at issue fail to 'set forth fair notice' of a claim and the 'grounds upon which it rests' and do not 'raise a right to relief above the speculative level.'"  <u>In re Samsung DLP Television Class Action Litig.</u>, No. 07-2141, 2009 WL 3584352, at *6 (D.N.J. Oct. 27, 2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  Insofar as Count 1 asserts a breach of contract based on Patients 1-50's insurance plans, it must be dismissed for failure to state a claim.[5]

**B.   Count 2 - Unjust Enrichment and Quantum Meruit**

Count 2 seeks recovery of the reasonable value of services provided by Plaintiff to Patients 1-50, based on Defendants' alleged "direct verbal confirmation that each patient had out of network benefits" for such services, inducing Plaintiff to provide those services.  (2d Am. Compl. at ¶¶ 80-84.)  Plaintiff contends that Defendant has therefore been unjustly enriched by retaining funds that otherwise should have been paid to Plaintiff

---

[5] Plaintiff's opposition to dismissal of Count 1 on the basis that it is also asserting breach of "unwritten" contracts, in the form of Defendants' discontinuation of a previous course of dealing with Plaintiff, is misplaced, as Plaintiff separately pleaded causes of action relating to that theory.  (Pl. Br. at 14-15.)

for "covered out of network Services rendered to Patients 1-50."
(Id. at ¶ 86.)

    This claim, like Count 1, is based primarily on the written
insurance plan contracts between Patients 1-50 and Defendants.
Plaintiff has alleged that it is the assignee of the benefits
engendered to Patients 1-50 by reason of their insurance plans.
(2d Am. Compl. at ¶¶ 19-20, 81 (asserting Count 2, in the
alternative, in the capacity as assignee of the Patients).)
Recovery under an unjust enrichment or a quantum meruit theory is
unavailable where an express agreement exists, and therefore
Plaintiff's claim as assignee of benefits takes precedence over
its "non-derivative" basis for the claim, which is not predicated
on an express contract. (Cf. Pl. Br. at 15.)  Because Defendants
apparently do not challenge the validity of the Patients'
assignments of benefits to Plaintiff, nor do Defendants dispute
the existence of the insurance plans, this theory of recovery is
unavailable to Plaintiff.  See Van Orman v. Am. Ins. Co., 680
F.2d 301, 310 (3d Cir. 1982) ("[R]ecovery under unjust enrichment
may not be had when a valid, unrescinded contract governs the
rights of the parties."); Moser v. Milner Hotels, Inc., 78 A.2d
393, 394 (N.J. 1951) (holding that a plaintiff pleading existence
of an express contract cannot recover in quasi-contract without
showing a rescission, because an express contract excludes an

13

implied one).  Defendants' motion to dismiss will be granted as
to Count 2.

C.   **Count 3 - Third Party Beneficiary**

Count 3 alleges that Plaintiff was a third party beneficiary
of the insurance plan contracts between Patients 1-50 and
Defendants, and contends that as the third party beneficiary,
Plaintiff was "entitled to pursue and receive payment for
Services rendered to Patients 1-50 from Defendants."  (2d Am.
Compl. at ¶¶ 91-94.)  Defendant contends that this claim is
redundant to Plaintiff's breach of contract claim, and should be
dismissed, like Count 1, for insufficient factual allegations
regarding the alleged contractual provisions.  (Defs. Br. at 17.)
Plaintiff responds that Count 3 is not redundant because
"Plaintiff is a third party beneficiary by assignment and
statute."  (Pl. Br. at 16 (citing provisions of ERISA and
McGoldrick v. Trueposition, Inc., 623 F.Supp.2d 619, 634-36 (E.D.
Pa. 2009) (discussing standing of alleged beneficiary of ERISA
plan to recover statutory penalty provided at 29 U.S.C. §
1132(c)(1))).)

As discussed above, this claim is preempted as to the ERISA
plans.  With regard to the non-ERISA plans, Count 3 suffers the
same infirmity as Count 1 in that the pertinent contractual
provisions alleged to have been breached are not sufficiently set
forth.  Moreover, Count 3 is redundant to Count 1 in the sense

14

that Plaintiff's breach of contract claim arises from its status as a third party beneficiary, which Plaintiff has standing to pursue by virtue of the assignments from Patients 1-50.  See Zahl v. Cigna Corp., No. 09-1527, 2010 WL 1372318, at *1-2 (D.N.J. Mar. 31, 2010).  Accordingly, Count 3 will be dismissed.

### D.   Count 4 - Implied Contract, Contract by Custom or Dealing, Implied Covenant of Good Faith and Fair Dealing

Count 4 asserts that Plaintiff and Defendants had a course of dealing from August 2008 to February 16, 2009, during which Defendants paid Plaintiff for services it provided to various patients who were Defendants' insureds or plan members.  (2d Am. Compl. at ¶ 99.)  Plaintiff contends that this course of conduct "constituted an implied promise to continue payment" for such services, and that Defendants breached this promise by refusing to pay "without good cause and in bad faith."  (Id. at ¶¶ 101-02.)

Defendants argue that the claims in Count 4 "are just reiterations of its breach of contract claim," noting that, "as with the breach of contract claim, no specific contract term is identified, even one that might have been established by a course of dealing."  (Defs. Br. at 17-18.)

The Second Amended Complaint does not set forth any facts that would allow the Court, or Defendants, to discern the alleged terms of Defendants' "promise and/or contract to pay."  (2d Am.

15

Compl. at ¶ 102.)   Instead, Count 4 consists of the type of "the-defendant-unlawfully-harmed-me" accusations the Supreme Court stated would not pass muster on a motion to dismiss in <u>Iqbal</u>, 129 S.Ct. at 1949.   Accordingly, the Court will dismiss Count 4.

### E. Count 5 – Reasonable Reliance, Arbitrary and Disparate Treatment

Plaintiff contends in Count 5 that Defendant violated the "implied contract between the parties" by refusing to pay for services rendered after February 16, 2009, and allege that this conduct was contrary to Defendants' course of conduct with other similarly situated medical providers, in that Defendants did not stop paying for services rendered by those other providers on the basis that the providers' facilities were not licensed.   (2d Am. Compl. at ¶¶ 114-19.)

The Court has already noted that Plaintiff has not stated a cause of action for breach of contract, implied or otherwise. Insofar as Count 5 purports to assert causes of action for "reasonable reliance" and "arbitrary and disparate treatment," they are derivative of Plaintiff's breach of contract claims, and accordingly will also be dismissed for failure to state a claim.

### F. Count 6 – Tortious Interference

Count 6 alleges that Defendants interfered with Plaintiff's right to engage in prospective economic relationships with patients, by "refusing intentionally and maliciously to pay for Services rendered by Plaintiff to Defendants' insureds or plan

16

members, Patients 1-50." (2d Am. Compl. at ¶¶ 133-35.)
Plaintiff contends that Defendants' refusal "to pay for
Plaintiff's Services to Patients caused the loss to Plaintiff of
the anticipated economic benefits of the relationship, thus
causing injury and damage to Plaintiff." (Id. at ¶ 137.)

To plead a cause of action for tortious interference with
prospective economic advantage, a plaintiff must set forth facts
alleging (1) "some protectable right – a prospective economic or
contractual relationship," (2) the interference was done
intentionally and with malice, (3) the interference caused the
loss of the prospective gain, and (4) the injury caused damage.
Printing Mart-Morristown v. Sharp Elec. Corp., 563 A.2d 31, 37
(N.J. 1989). It is "'fundamental' to a cause of action for
tortious interference with a prospective economic relationship
that the claim be directed against defendants who are not parties
to the relationship. . . . Where a person interferes with the
performance of his or her own contract, the liability is governed
by principles of contract law." Id. at 37-38.

Because Defendants are party to the contractual relationship
giving rise to the claims here- namely, the insurance plans-
Defendants are not subject to a claim for tortious interference
with prospective economic advantage. Count 6 will therefore be
dismissed as to all plans.

17

### G.   Count 7 - Negligent Misrepresentation

Plaintiff alleges in Count 7 that "Defendants negligently misrepresented to Plaintiff that Plaintiff would be paid for Services rendered to Patients 1-50."  (2d Am. Compl. at ¶ 142.) Specifically, Plaintiff contends that in "telephone conversations between Plaintiff's representatives and Defendants' representatives," Defendants' representatives advised that "facility fees for outpatient pain management injections performed at an ambulatory surgical center were covered Services and that there was out of network coverage for same as to each of Plaintiffs 1-50."  (Id. at ¶ 143.)

To state a claim for negligent misrepresentation, a plaintiff must show "[a]n incorrect statement, negligently made and justifiably relied on," proximately causing an economic loss. Konover Constr. Corp. v. E. Coast Constr. Servs. Corp., 420 F.Supp.2d 366, 370 (D.N.J. 2006).  The misrepresentation must be made by a person with a duty to the plaintiff.  Roll v. Singh, No. 07-4136, 2008 WL 3413863, at *20 (D.N.J. June 26, 2008). Even where a plaintiff properly pleads these elements, however, a negligent misrepresentation claim must fail if it is "not the type of case where a negligent misrepresentation claim is appropriate," i.e., "tort claims by innocent third parties who suffered purely economic losses at the hands of negligent defendants with whom no direct relationship existed," not cases

involving a breach of contract claim between parties in privity. Id. (quoting People Express Airlines v. Consol. Rail Corp., 495 A.2d 107, 112 (N.J. 1985)).

Plaintiff has not alleged in Count 7 that Defendants owed it a duty of care.  (See 2d Am. Compl. at ¶¶ 140-48.)  Beyond this deficiency, however, we find that this is not the type of case in which a claim for negligent misrepresentation is appropriate. Plaintiff's injury stems from the alleged breach of the contracts between Patients 1-50 and Defendants, which were negotiated between the employers of Patients 1-50 and Defendants.  Although Plaintiff attempts to distance itself from these contracts in Count 7 by claiming it is asserting Count 7 "non-derivatively," the fact remains that Patients 1-50 have assigned Plaintiff their benefits under the contracts.  (Pl. Br. at 20.)  The contractual relationship at issue forecloses Plaintiff's tort claim.  The Court will dismiss Count 7 as to all plans.

## H.   Count 8 - Arbitrary and Capricious

Count 8 alleges that Defendants were obligated to act in accordance with the SPDs, but have not administered the plans "in a consistent, reasonable, or fair manner, and to the contrary" are administering the plans "arbitrarily and capriciously."  (2d Am. Compl. at ¶¶ 152-54.)  Plaintiff contends that it is being treated arbitrarily and capriciously because Defendants have made payments to "other similarly situated providers" who also do not

19

technically meet the licensing standard imposed on Plaintiff by
Defendants.  (Id. at ¶ 156.)

Defendants state that they are unaware of the existence of
an "arbitrary and capricious" cause of action under federal or
state law.  (Defs. Br. at 22.)  Plaintiff responds that the
"claim for arbitrary and capricious action by Defendant [sic] is
. . . properly stated under ERISA" and makes clear that Count 8
seeks benefits under ERISA.  (Pl. Br. at 20-21; see 2d Am. Compl.
at 30, "Wherefore" clause (demanding a judgment "[d]eclaring that
Defendants are precluded from denying payment of claims by
Plaintiff individually and as assignee for Services provided to
its patients which are Defendants' insureds or plan members")).)
However, Plaintiff does not cite to any statutory provision of
ERISA, and it is clear that any cause of action Plaintiff is
attempting to assert in Count 8 is preempted by ERISA's civil
enforcement provision, 29 U.S.C. § 1132(a).  See Aetna Health
Inc., 542 U.S. at 209.  "Arbitrary and capricious" is a legal
standard that can applied by a court in determining whether a
plan administrator improperly denied benefits under an ERISA
plan, not an independent cause of action.  See Doroshow v.
Hartford Life & Acc. Ins. Co., 574 F.3d 230, 233 (3d Cir. 2009)
("[A] denial of benefits challenged under § 1132(a)(1)(B) is to
be reviewed under a de novo standard unless the benefit plan
gives the administrator or fiduciary discretionary authority to

determine eligibility for benefits or to construe the terms of the plan. . . . When the administrator has discretionary authority to determine eligibility for benefits . . . the decision must be reviewed under an arbitrary and capricious standard.") (internal quotation and citation omitted); see also Saltzman v. Independence Blue Cross, 384 Fed.Appx. 107, 111 (3d Cir. 2010).  Because Plaintiff separately pleads its cause of action to recover payment of claims for the services provided to Patients 1-50 in Count 10, which is based on 29 U.S.C. § 1132(a) and not at issue in the current motion, we will dismiss Count 8 for failure to state a claim.

## I.   Count 9 - Promissory Estoppel

Plaintiff asserts in Count 9 that, prior to rendering services to Patients 1-50, it called Defendants to confirm that each of Patients 1-50 "had out of network benefits for facility fees . . . under their respective insurance agreements or plans with Defendants, and Defendants confirmed that there was such coverage as to each patient."  (2d Am. Compl. at ¶ 163.) Plaintiff alleges that the confirmation of coverage "constituted a promise to pay" and caused Plaintiff to rely on the representations of coverage in deciding to render services to Patients 1-50.  (Id. at ¶¶ 164-65.)  Additionally, Plaintiff alleges that "Defendants' practice and pattern of behavior in paying . . . benefits . . . from August 2008 to February 2009

further induced Plaintiff's reasonable reliance on the promise to pay and confirmation of coverage" as to the patients.  (Id. at ¶ 166.)

   To state a claim for promissory estoppel, a plaintiff must establish that "(1) there was a clear and definite promise; (2) the promise was made with the expectation that the promisee would rely upon it; (3) the promisee reasonably did rely on the promise; and (4) incurred a detriment in said reliance."  Martin v. Port Auth. Transit Corp., No. 09-3165, 2010 WL 1257730, at *5 (D.N.J. Mar. 25, 2010).  Defendants contend that Count 9 does not satisfy the pleading standard enunciated by Twombly because "the Second Amended Complaint is devoid of any allegations regarding a 'clear and definite' promise."  (Defs. Br. at 23.)  Plaintiff responds that it has pleaded all of the elements required by Martin, supra.

   "[G]enerally, an equitable claim cannot lie where a contract governs the relationship between the parties that gives rise to the equitable claim."  Ready & Motivated Minds, LLC v. Ceridian Corp., No. 10-1654, 2010 WL 2989986, at *7 (D.N.J. July 26, 2010).  Although Plaintiff is permitted to plead in the alternative, it appears from the Second Amended Complaint that an express contract, namely, the non-ERISA plans, governs Plaintiff's claims, as assignee of the patients insured by the

22

non-ERISA plans.[6]  Count 9 does not allege facts distinguishing
it from the breach of contract claim; it states only that
Defendant told Plaintiff that Patients 1-50 had out of network
benefits.  Because we have held that Plaintiff's pleading of its
breach of contract claim did not satisfy <u>Twombly</u>, Plaintiff will
be permitted to file an amended pleading setting forth facts
supporting a claim for breach of contract as to the non-ERISA
plans.  Count 9 will be dismissed for failure to state a claim
under <u>Twombly</u>, but with leave to Plaintiff to amend this claim as
an alternative to its breach of contract claim as to the non-
ERISA plans insofar as Plaintiff can set forth a "clear and
definite promise" independent of the alleged breach of contract.

**J.    Count 11 - ERISA – Violation of Fiduciary Duty and $110
        Per Day Penalty**

Count 11, asserted by Plaintiff in its capacity as assignee
of Patients 1-50 and therefore a "beneficiary" under ERISA, seeks
payment of a penalty provided by 29 U.S.C. § 1132(c), based on
Defendants' alleged failure to provide Plaintiff copies of the
relevant plan documents until 200 days after such demand was
made.  (2d Am. Compl. at ¶¶ 198-204.)  The relevant statutory
provision provides that

> [a]ny administrator . . . who fails or refuses to
> comply with a request for such information which such

---

[6] As discussed above, ERISA preempts all of Plaintiff's state law
causes of action as to the ERISA plans because the claims "relate
to" the ERISA plans.  29 U.S.C. § 1144.

> administrator is required by this subchapter to furnish
> to a participant or beneficiary (unless such failure or
> refusal results from matters reasonably beyond the
> control of the administrator) by mailing the material
> to the last known address of the requesting participant
> or beneficiary within 30 days after such request may in
> the court's discretion be personally liable to such
> participant or beneficiary in the amount of up to $100
> a day from the date of such failure or refusal, and the
> court may in its discretion order such other relief as
> it deems proper.

29 U.S.C. § 1132(c)(1)(B).[7]  Plaintiff alleges that it requested
the plan documents from Defendants on or about August 31, 2009,
and confirmed this request through counsel and in writing on or
about September 16, 2009.  (2d Am. Compl. at ¶¶ 199, 201.)  The
Summary Plan Descriptions for the relevant plans were provided to
Plaintiff on March 19, 2010.  (Id. at ¶ 208.)

    Defendants contend that Count 11 "fails to plausibly explain
what Plaintiff means by 'ERISA - violation of fiduciary duty.'"
(Defs. Br. at 24.)  The Court agrees.  The Second Amended
Complaint does not indicate that Patients 1-50 assigned a claim
for violation of fiduciary duty as opposed to a claim for
benefits under the plans.  Moreover, Plaintiff's brief opposes
dismissal of Count 11 only on the ground that Count 11
"adequately pleads an ERISA claim for penalties."  (Pl. Br. at
22-25.)  Because a breach of fiduciary duty claim would be

---

[7] The $100 per day penalty was increased to $110 per day for
violations occurring after June 29, 1997.  29 C.F.R. § 2575.502c-
1.

duplicative of Plaintiff's claims for the alleged wrongful denial of benefits and for disclosure penalties, in that the Second Amended Complaint alleges no facts either specifically regarding a breach of fiduciary duty or that would entitle Plaintiff to relief beyond the benefits and disclosure penalties sought, Count 11 will be dismissed insofar as it asserts a claim for breach of fiduciary duty.  See Morley v. Avaya, Inc. Long Term Disability Plan, No. 04-409, 2006 WL 22263336, at *23-24 (D.N.J. Aug. 3, 2006).

Defendants contend that the disclosure penalty provision cannot be enforced against them because they are not the plan administrator implicated in 29 U.S.C. § 1132(c)(1)(B), but rather the claims administrator for the plans at issue.  (Defs. Br. at 29.)  To state a claim for relief under 29 U.S.C. § 1132(c)(1)(B), a plaintiff must allege "(1) that he is a plan participant or beneficiary; (2) that he has made a written request to a plan administrator for information that falls within the purview of ERISA's disclosure requirements; and (3) that the plan administrator failed to provide the requested documents within thirty days of the written request."  Wargotz v. NetJets, Inc., No. 09-4789, 2010 WL 1931247, at *3 (D.N.J. May 13, 2010).

Plaintiff has alleged that it is a plan beneficiary by means of the assignments of benefits from Patients 1-50.  (2d Am. Compl. at ¶ 198.)  Thus, the first element is satisfied.

The second element requires a showing that a demand was made of a "plan administrator."  Plaintiff alleges in Count 11 that the ERISA plans at issue "are administered, managed and operated by Defendants . . . under ERISA" and further states that "the claims administrator with regard to the applicable plans . . . is 'CIGNA Corporation.'"  (Id. at ¶¶ 200, 207.)  Plaintiff thus contends that because "Defendant [sic] is the claims administrator with regard to the applicable plans and also at all material times acted as the plan administrator as well," the second element set forth in Wargotz is met.  (Pl. Br. at 23.)

The Second Amended Complaint indicates only that Defendants, doing business as Cigna Corporation, act as claims administrators and not plan administrators under ERISA.  "A plan administrator is . . . either expressly designated in the plan documents or is the plan sponsor 'if an administrator is not so designated.'"  Wargotz, 2010 WL 1931247, at *5 (citing 29 U.S.C. § 1002(16)(A)(i-ii)).  A plan sponsor is

> (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(B).

Plaintiff's allegation that the relevant SPDs expressly designate "CIGNA Corporation" as the "claims administrator" does not suffice to indicate that Defendants are the plan administrator for the plans at issue.  Thus, the potentially liable party under 29 U.S.C. § 1132(c)(1)(B) would be the plan sponsor of each ERISA plan, not Defendants.  See Campo v. Oxford Health Plans, Inc., No. 06-4332, 2007 WL 1827220, at *4-5 (D.N.J. June 26, 2007) (holding that employer, not insurer, was "plan administrator," and rejecting notion that insurer was "de facto plan administrator" for purposes of 29 U.S.C. § 1132(c)(1)(B)); see also Erbe v. Billeter, No. 06-113, 2007 WL 2905890, at *7-8 (W.D. Pa. Sept. 28, 2007) (dismissing § 1132(c)(1)(B) claim against Connecticut General Life Insurance Company because it was "not vested with the responsibility for plan administration" and noting with approval case law cited by defendant "for the proposition that courts have consistently held an insurance company cannot be held liable for ERISA civil penalties when the plaintiff incorrectly directs a request for plan documents to the insurance company responsible for claim processing instead of to the plan administrator").

Plaintiff alleges no facts that could plausibly support a claim against Defendants for liability for failure to disclose documents under 29 U.S.C. § 1132(c)(1)(B).  Accordingly, Count 11 will be dismissed in its entirety.

27

**CONCLUSION**

For the reasons discussed <u>supra</u>, the Court will dismiss Count 1 through Count 9 and Count 11 of the Second Amended Complaint.  Plaintiff will be granted leave to file an amended pleading setting forth claims for (1) payment of benefits due, in its capacity as assignee of Patients 1-50, under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1), as to the ERISA plans only (<u>i.e.</u>, Count 10 of the Second Amended Complaint), (2) breach of contract as to the non-ERISA plans only, and (3) promissory estoppel as to the non-ERISA plans only.  Count 2 through Count 8 will be dismissed with prejudice because it appears that amendment would be futile.  Fed.R.Civ.P. 15(a)(2); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110 (3d Cir. 2002). The Court will issue an appropriate order.


     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    December 6, 2010